**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| JOSEPH CASIANO, Petitioner | § § § § | |
| v. | § § § § | Civil Action No. 1:22-cv-117 |
| BOBBY LUMPKIN Respondent | § § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

The Court is in receipt of Joseph Casiano's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (hereinafter, "Petition"). Dkt. No. 9. The Court is also in receipt of Director Bobby Lumpkin's "Answer with Brief in Support of Dismissal" (hereinafter, Lumpkin's "Answer"). Dkt. No. 15. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** this civil action without prejudice; (2) **DECLINE** to issue a certificate of appealability; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I. Jurisdiction

The Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. §§ 2241 and 2254, which provide that jurisdiction is proper where the incarcerated petitioner is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

## II.  Background and Procedural History

On May 3, 2018, Casiano pleaded guilty to aggravated assault of a family member. Dkt. No. 14-2.  On July 19, 2018, he was sentenced to 25 years of imprisonment in the 179th District Court in Harris County, Texas.  Dkt. No. 14-1.  Casiano did not file a direct appeal.  On September 2, 2022, he filed, in this Court, a State Application for a Writ of Habeas Corpus seeking relief pursuant to Art. 11.07 of the Texas Code of Criminal Procedure.  Dkt No. 1.  Upon a careful review of the language contained in Casiano's application, however, the Court could not determine if he instead intended to proceed in federal court under 28 U.S.C. § 2254.  In an effort to ascertain his intention and to notify him of his rights, the Court issued a Notice and Order on September 9, 2022.  Dkt. No. 5. In relevant part, the Notice and Order provided as follows:

> Casiano is seeking to collaterally attack the sentence imposed in the 179th Judicial District Court in Harris County, Texas. In order to remain in federal court, Casiano's filing would need to be recharacterized as a motion pursuant to 28 U.S.C. § 2254 . . .  In *Castro,* the Supreme Court held that when a district court "recharacterizes a *pro se* litigant's motion as a first § 2255 motion," it "must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it."  *See Castro v. United States*, 540 U.S. 375, 383 (2003); *see also Romero v. 18th Judicial Dist. Court*, No. 3:22-cv-1040-K (BT), 2022 WL 2251023, at *1 (N.D. Tex. June 8, 2022); *Salazar v. Lumpkin*, No. H-21-2932, 2021 U.S. Dist. LEXIS 232008, at *1 (S.D. Tex. Nov. 1, 2021) (applying *Castro* equally to 28 U.S.C. § 2254).
>
> As such, the Court **NOTIFIES** Casiano that he must advise this Court if he wishes his filing to be characterized as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2254.  If his Petition is so characterized, Casiano may be prohibited from asserting additional § 2254 claims in the future and from filing a second or successive § 2254 motion.

*Id* at 1-2.

Casiano filed his instant § 2254 Petition on October 5, 2022. Dkt. No. 9. In his Petition, he appears to raise the following grounds for relief:

1. He signed a plea recommendation for only 10 years' imprisonment;

2. His attorney provided ineffective assistance by failing to withdraw his guilty plea after the recommendation was violated;

3. His attorney provided ineffective assistance by advising him to plead guilty and waive his right to appeal;

4. The indictment alleged that he stabbed the complainant with a knife, despite his testimony that there were no stab wounds;

5. His attorney was prejudiced against him; and

6. He was under the influence of methamphetamine at the time of the offense.

*Id.*

On October 18, 2022, Lumpkin filed his Answer with Brief in Support. Dkt. No 15. Lumpkin argues that Casiano's claims are unexhausted, procedurally barred and therefore subject to dismissal. Casiano did not file a reply.

### III.   Legal Standards

The applicable provisions of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) ("AEDPA"), govern Casiano's Petition. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). AEDPA "imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted). Even when there is no explanation, a "habeas petitioner's

3

burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Williams v. Thaler*, 684 F.3d 597, 603 (5th Cir. 2012).

A petitioner must fully exhaust state remedies before seeking federal habeas relief, in order to give the State an opportunity to correct any alleged violations of a petitioner's federal rights. 28 U.S.C. 2254(b)(1)(A); *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006); *Spencer v. Texas*, No. SA-19-CV-001135-XR, 2020 WL 759428, at *6 (W.D. Tex. Feb. 13, 2020). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A).

Failure to "exhaust state court remedies by presenting the claim to the highest available state court" would render the claim procedurally defaulted, and generally bar a federal court from considering the merits of the claim on habeas review. *In re Davila*, 888 F.3d 179, 187 (5th Cir. 2018). In Texas, a habeas petition "can satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding." *Ricketts v. Davis*, No. 4:16-cv-403-O, 2018 WL 2193908, at *2 (N.D. Tex. May 14, 2018).

## IV.   Discussion

The record plainly shows that Casiano did not attempt to present his claims to the Texas state courts. Further, he does not provide a sufficient reason as to why his failure to exhaust should be excused. As stated above, the doctrine of exhaustion requires a petitioner to exhaust all available state remedies prior to seeking relief under § 2254 in

order to give the State an opportunity to correct any alleged violations of a petitioner's federal rights. 28 U.S.C. § 2254(b)(1)(A). Critically, Casiano admits that he has not exhausted his claims. *See* Dkt. No. 9 at 2-5. Because Casiano never presented the substance of his claims to the Texas Court of Criminal Appeals, he has not exhausted his state remedies. The Court, then, should dismiss Casiano's Petition.

## V.     Certificate of Appealability

A certificate of appealability shall not issue unless the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Stated differently, where claims have been dismissed, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural hiring." *Id.*

District courts may deny certificates of appealability *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Casiano has not made a substantial showing of the denial of a constitutional right.

5

## VI. Recommendation

For the reasons stated above, it is recommended that the Court: (1) **DISMISS** this civil action without prejudice; (2) **DECLINE** to issue a certificate of appealability; and (3) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VII. Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on this **26th** day of **January, 2023**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**